## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:18-21533-CIV-Altonaga/Goodman

KEY INTERNATIONAL CORP,

        Plaintiff,

v.

LLOYD'S UNDERWRITERS AT  LONDON,

        Defendant.

_____/

### CERTAIN UNDERWRITERS AT LLOYDS, LONDON
### SUBSCRIBING TO POLICY NO. B1180D160620/789FtL'S
### ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT

Certain Underwriters at Lloyd's, London Subscribing to Policy No. B1180D160620/789FtL ("Underwriters")[1] file their Answer and Affirmative Defenses to Plaintiff Key International Corp's ("Key International") First Amended Complaint, as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Underwriters admit that the Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs.  Underwriters deny, however, that the Plaintiff is entitled to any damages in this matter.  Underwriters deny that this matter is between citizens of different states.  For further response, Underwriters aver that this matter is between a citizen of Florida and citizen of the United Kingdom.

2.      Underwriters admit that venue for this action is proper in the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C.§ 1391(b) and 28 U.S.C. § 1391(c).

---

[1] Underwriters were incorrectly named in the First Amended Complaint as "Lloyd's Underwriters at London".

3.    Underwriters admit that the Plaintiff owns certain property located at 745 Mashta Drive, Key Biscayne, Florida 33149 (the "Property").  Underwriters are without information sufficient to form a belief as to the remaining allegations contained in Paragraph No. 3. and therefore, deny same.

4.    Underwriters deny the allegations contained in Paragraph No. 4 as stated. Underwriters aver that they are eligible surplus lines insurers and subscribed to a policy of insurance issued in Miami-Dade County, Florida.  For further response, Underwriters aver that Brit UW Limited ("Brit") is the sole underwriter/member for Policy No. B1180D160620/789FtL (the "Policy").

5.    Underwriters deny the allegations contained in Paragraph No. 5 as stated.

## GENERAL ALLEGATIONS

6.    Underwriters admit that they subscribed to homeowners Policy No. B1180D160620/789FtL issued to Key International, subject to the Policy's terms, conditions, and exclusions.  Underwriters deny that a copy of the Policy was attached to the First Amended Complaint as Exhibit "A".

7.    Underwriters admit that the Policy provides certain homeowners insurance coverage at the Property located at 745 Mashta Drive, Key Biscayne, Florida 33149, subject to the Policy's terms, conditions, and exclusions.  Underwriters deny that the Property sustained a covered loss.

8.    Underwriters admit that September 10, 2017 falls within the Policy's effective dates. Underwriters also admit that the Property sustained certain wind damage as a result of Hurricane Irma.  Underwriters deny the remaining allegations contained in Paragraph No. 8, including the allegations that the Property suffered a cause of loss that was covered under the Policy.

9.      Underwriters deny the allegations contained in Paragraph No. 9 as stated.  For further response, Underwriters admit that they retained Dynamic Claims Services, Inc. to investigate Key International's claim, who then assigned Number 915985 to the claim.

10.      Underwriters deny the allegations contained in Paragraph No. 10 as stated. Underwriters aver that they timely adjusted the loss and determined it to be below deductible. Underwriters expressly deny that they ever acknowledged the Property sustained a covered loss.

11.      Underwriters deny the allegations contained in Paragraph No. 11.  For further response, Underwriters aver that they had no obligation to issue any payment unless and until a covered loss exceeded the deductible pursuant to the terms and conditions of the Policy.

12.      Underwriters deny the allegations contained in Paragraph No. 12.  For further response, Underwriters aver that the Policy provides certain homeowners insurance coverage to the Plaintiff, subject to the Policy's terms, conditions, and exclusions.

13.      Underwriters deny the allegations contained in Paragraph No. 13.

14.      Underwriters deny the allegations contained in Paragraph No. 14.

## COUNT I
## BREACH OF CONTRACT

15.      Underwriters incorporate their responses to Paragraph Nos. 1 through 14 as if fully stated herein.

16.      Underwriters admit that they subscribed to the Policy issued to Key International providing certain homeowners insurance coverage, subject to the Policy's terms, conditions, and exclusions.  Underwriters deny the remaining allegations contained in Paragraph No. 16.

17.      Underwriters admit that Key International sustained certain wind damages as a result of Hurricane Irma, but Underwriters determined those damages were below the Policy's deductible. Underwriters deny the remaining allegations contained in Paragraph No. 17.

18.      Underwriters deny the allegations contained in Paragraph No. 18.

19.     Underwriters deny the allegations contained in Paragraph No. 19.

20.     Underwriters deny the allegations contained in Paragraph No. 20.

21.     Underwriters deny the allegations contained in Paragraph No. 21.

Underwriters deny each and every "WHEREFORE" paragraph contained in the First Amended Complaint.

## GENERAL DENIAL

To the extent an allegation, count, or prayer for relief has not been expressly admitted above, Underwriters deny each and every allegation, count, and prayer for relief of Key International.

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted against Underwriters.  Therefore, the First Amended Complaint should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Underwriters' obligations to Key International are governed by the Policy and incorporate the Policy's terms, conditions, and exclusions as if fully set forth herein.

## THIRD AFFIRMATIVE DEFENSE

The Policy is void or Key International's claim is barred due to misrepresentations Key International made concerning the scope and amount of damages caused by Hurricane Irma.

## FOURTH AFFIRMATIVE DEFENSE

Key International seeks damages that are excluded under the Policy, including, but not limited to, those caused by wear and tear, marring, and/or deterioration, inherent vice, latent defect, mechanical breakdown, faulty, inadequate, or defective materials used in construction or maintenance of the property.

## FIFTH AFFIRMATIVE DEFENSE

Underwriters allege as affirmative defenses all applicable terms, conditions, and exclusions contained in the policy including but not limited to provisions addressing policy deductibles, other insurance, co-insurance requirements and limitations on loss provisions.  Key International has an All Other Perils Deductible that would apply in the event of a finding of damages.

## SIXTH AFFIRMATIVE DEFENSE

Key International failed to mitigate its damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Key International's claim does not exceed the Policy's Windstorm or Hail deductible.

## EIGHTH AFFIRMATIVE DEFENSE

Key International failed to comply with its obligations under the Policy following a loss.

## NINTH AFFIRMATIVE DEFENSE

Underwriters reserve the right to amend their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint to include additional affirmative defenses as they become available.

**WHEREFORE**, Underwriters demand that:

a.   Key International's claims against Underwriters be dismissed with prejudice;

b.   Key International recover nothing against Underwriters in this action; and

c.   Underwriters have any other and further relief that the Court deems proper.

This 30th day of May 2018.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1152
Fax:  470-552-1151
rzelonka@wshblaw.com
slytle@wshblaw.com

*/s/ Richard E. Zelonka, Jr.*
Richard E. Zelonka, Jr.
FBN: 0656941

*Counsel for Defendant,*
*Certain Underwriters at Lloyd's, London*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing *Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy No. B1180D160620/789FtL's Answer and Affirmative Defenses to the First Amended Complaint* on all parties, via FL e-file portal as follows:

Maximo A. Santiago
Marin, Eljaiek, Lopez & Martinez P.L.
2601 South Bayshore Drive
18th Floor
Coconut Grove, Florida 33133
MSantiago@mellawyers.com

This 30th day of May 2018.

**WOOD, SMITH, HENNING & BERMAN LLP**
1230 Peachtree Street, Suite 925
Atlanta, Georgia 30309
Telephone:  470-552-1152
Fax:  470-552-1151
rzelonka@wshblaw.com
slytle@wshblaw.com

*/s/ Richard E. Zelonka, Jr.*
Richard E. Zelonka, Jr.
FBN: 0656941

*Counsel for Defendant,*
*Certain Underwriters at Lloyd's, London*